## HUGHES, et als. v. HALE.

1. On a motion against the sheriff for failing to return an execution of the Supreme Court, forwarded upon the certificate of the clerk of the Supreme Court, under the act of 23d December, 1840, judgment may be rendered against the sureties of the sheriff at the time of the default, although they have not been notified of the intended motion.

Error to the Circuit Court of Cherokee.

This was a motion against the sheriff of Cherokee county, for failing to return an execution which issued from the Supreme Court for costs. The judgment entry is as follows:

William Hale, *vs.* Moses H. Hughes, late sh'ff & John Wilkinson, David Love, Zachariah Roberts, and John Lowry. — Came the plaintiff by attorney, and the defendant Hughes, moves the Court to quash the motion, which is overruled, and the said defendant being personally present, is ruled into trial, and it appearing to the satisfaction of the Court, by the sealed certificate of the clerk of the Supreme Court of the State of Alabama, that an execution of *fieri facias* in favor of said William Hale, and against said William Lay, a copy of the same contained in the notice issued from the office of the clerk of the Supreme Court of said State, on the 15th day of July, 1841, directed to any sheriff of the State of Alabama; by which such sheriff was commanded that of the goods and chattels, lands and tenements of William Lay, he cause to be made the sum of

forty-five dollars and sixty-eight and three-fourths cents, adjudg-
ed by said Supreme Court, at the June term, 1841; said execu-
tion returnable to the January term, 1842, of said Supreme
Court; and it further appearing by said certificate that on the day
it issued, said execution was regularly mailed, postage paid, to
the sheriff of Cherokee county, and the same has never been re-
turned: and the said Hughes failing to make the affidavit required
by law, and to adduce any proof in his defence, and it further ap-
pearing to the Court, by the production of the said sheriff's official
bond, that said Hughes was sheriff, and that at the time of the de-
fault, said John Wilkinson, David Love, Zachariah Roberts, Mc-
Kendree Porter and John Lowry were the securities of said
Moses H. Hughes, as such sheriff. It is therefore considered by
the Court that said William Hale recover of the said Hughes,
and his said securities, the sum of forty-five dollars sixty-eght and
three-fourths cents, the amount of said execution, and the costs of
this motion.

From this judgment the defendants prosecute this writ of error.
The errors assigned are,

1. The Court erred in not quashing the notice.

2. The Court erred in rendering judgment against the sureties
without notice.

3. The Court erred in rendering judgment against the sheriff
without proof that the execution came to his hands.

W. B. Martin, for plaintiff in error.
Stone, contra.

ORMOND, J.—This proceeding is instituted under an act
passed 23d December, 1840, authorising the clerk of the Su-
preme Court, in the name of the successful party, to move against
sheriffs and coroners, for failing to return executions from the
Supreme Court, or for failing to make the money on any execu-
tion, &c.

The second section provides, that when the execution shall
not be returned by the sheriff, the cirtificate of the clerk of the
Supreme Court, under the seal of the Court, stating the contents
of the execution, and that it was put in the post office, directed
to the sheriff, and the postage paid, shall be evidence of the
contents of the execution, and that the same came to his hands—

unless the sheriff deny on oath, that the same came to his hands, or that it was returned to the proper office by due course of mail, or that the money could not be made on the execution, as the case may be.

It is also provided, that this proceeding shall be governed by the same rules and regulations, as now govern motions against such officers and their sureties, where executions issue from the Circuit Courts.

The judgment entry in this case, is strictly conformable to the law, and shows the appearance of the sheriff, the certificate of the clerk of this court, describing the execution, which was not returned, and the refusal of the sheriff to make the affidavit which the law requires, to exculpate him from the legal inference of having failed to return the execution, and the judgment was, therefore, properly rendered against him.

It is however, supposed that as his sureties were not notified of the motion, that no judgment could be rendered against them. It has been too long settled to be now disturbed, that upon notice to the sheriff, a judgment may be had against the sureties to his official bond. In this case, it is shown by the judgment of the Court, that those against whom the judgment is rendered, were the sureties of the sheriff in his official bond, at the time of this default, and as this proceeding is to be governed by the same rules which obtain in motions against sheriffs, when the execution has issued from the Circuit Courts, the judgment of the court below is correct, and must be affirmed.